Anthony J. Dreyer
Robert A. Fumerton (*pro hac vice* forthcoming)
Jordan A. Feirman (*pro hac vice* forthcoming)
Ryan P. Bisaillon (*pro hac vice* forthcoming)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
(A Delaware Limited Liability Partnership)
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
anthony.dreyer@skadden.com
robert.fumerton@skadden.com
jordan.feirman@skadden.com
ryan.bisaillon@skadden.com

*Attorneys for Plaintiffs Aviator Ltd.*
*and Aviator Studio USA LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AVIATOR LTD. and AVIATOR STUDIO USA LLC, | |
| Plaintiffs, | Civil Action No. ________________ |
| v. | **COMPLAINT** |
| SPRIBE OÜ d/b/a SPRIBE OÜ INC., | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiffs Aviator Ltd. ("**Aviator Ltd.**") and Aviator Studio USA LLC ("**Aviator Studio**," and together with Aviator Ltd., the "**Aviator Parties**"), by and through their undersigned counsel, for their Complaint against Spribe OÜ d/b/a Spribe OÜ Inc. ("**Spribe**"), upon personal knowledge as to themselves and upon information and belief as to all others, state and allege as follows:

## NATURE OF THE ACTION

1. This action concerns the latest efforts in a campaign of knowing and intentional misappropriation of the Aviator Parties' intellectual property by Spribe, a competitor to the Aviator Parties in the casino and online gaming space with a history of unlawful and infringing use of the Aviator Parties' intellectual property around the world.

2. The Aviator Parties possess valuable copyright and trademark rights in the "Aviator" name and a stylized, distinctive airplane logo. The Aviator Parties have utilized this name and logo in connection with offering casino and online gaming services, starting in the country of Georgia but subsequently expanding to numerous other jurisdictions—most recently, the United States.

3. For a limited duration and within a limited geographic scope outside the United States, Spribe was permitted to use the Aviator Parties' intellectual property for the sole purpose of developing software and implementing instructions for a previously-conceived "crash"-style game offered on an online gambling platform called "Adjarabet."

4. Yet Spribe continued to use the "Aviator" name and logo, as well as a copycat derivative version of the logo that Spribe created based on the Aviator Parties' logo, well outside the bounds of its limited permitted uses and after its permission to use any Aviator intellectual property on Adjarabet had expired.

5. Not only has Spribe continued to use the "Aviator" word mark, but Spribe's modified, derivative version of the Aviator Parties' copyrighted logo is virtually identical to the original, and plainly infringing:

| **Aviator Parties' Logo** | **Spribe's Infringing Logo** |
|---|---|

6. Spribe is well aware that the Aviator Parties own the intellectual property subsisting in the Aviator name and logo. Indeed, Aviator Ltd. and Spribe have already litigated these issues in a legal proceeding in Georgian court. Georgian courts, including on appeal, have confirmed the Aviator Parties' ownership of trademarks and copyright in "Aviator" names and the airplane image, and found Spribe's attempted registration of trademarks for those names and its copycat images to be invalid and infringing the Aviator Parties' copyrights. The Georgian courts thus enjoined uses of the Aviator intellectual property, and awarded Aviator Ltd. monetary damages equivalent to approximately $330 million USD.

7. Spribe, however, remains undeterred. It continues to engage in infringement and has attempted to secure intellectual property protections in its copycat "Aviator" marks and its infringing logo by, for example: (i) filing applications to register its infringing name and logo in the United States, and (ii) seeking and obtaining regulatory licensure to offer online casino gaming under its misappropriated "Aviator" branding in the United States, including specifically in New Jersey.

8. Spribe's unlawful conduct violates the Aviator Parties' intellectual property rights, causes and/or will cause the Aviator Parties significant monetary and irreparable harm, and creates an imminent and significant risk of consumer confusion in the United States.

9. Accordingly, the Aviator Parties have been left with no choice but to pursue legal recourse in U.S. courts—just as they have had to do abroad—to protect their intellectual property rights as well as the rights of consumers.

## THE PARTIES

10. Aviator Ltd.[1] is an online gaming company established under the laws of the country of Georgia, with Georgian company number 404612610. Aviator Ltd. has a principal place of business at Gogebashvili Street 46b, Apt. 7, Tbilisi, Georgia.

11. Aviator Studio USA LLC is an online gaming company incorporated in Delaware, with its principal place of business at 850 New Burton Road, Suite 201, Dover, DE 19904.

12. Upon information and belief, Spribe OÜ d/b/a Spribe OÜ Inc. is a software development and online gaming company incorporated under the laws of Estonia, with a principal place of business at Kivila Street 5-118, Lasnamae District, Tallinn, Estonia.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 1367(a), and 2201; and 15 U.S.C. §§ 1119 and 1121.

14. This Court has personal jurisdiction over Spribe because, *inter alia*, Spribe has contacts with the State of New Jersey, has engaged in acts pertinent to the claims raised in this Complaint to purposefully avail itself of the privilege of conducting activities within the State of New Jersey, and the exercise of personal jurisdiction over Spribe would not offend traditional notions of fair play and substantial justice.

[1] Aviator Ltd. is sometimes referred to in certain translated materials relevant to this action as "Aviator LLC." For ease of reading, the plaintiff entity (with Georgian company number 404612610) is referred to only as Aviator Ltd. in this Complaint.

15. For example, on or about March 8, 2022, Spribe filed an "Application for Certificate of Authority" with the State of New Jersey Division of Revenue, requesting permission "to conduct business/activities in New Jersey" and identifying the name and address of its registered agent in New Jersey. Spribe identified its "business/activities" as "Development of software – igaming products for online casinos and providing them to the operators on [a] software license basis."

16. In addition, on or about August 8, 2025, Spribe, along with Meadowlands Racetrack, LLC, filed a "Joint Petition for Transactional Waiver" with the New Jersey Division of Gaming Enforcement, which petition is among the steps necessary to secure licensure of online gaming and gambling activities in the State of New Jersey. Upon information and belief, Spribe received the waiver in or around May 2026 and plans to imminently offer casino and online gaming and gambling products or services to consumers in New Jersey under the infringing "Aviator" name and logo described herein.

17. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), including pursuant to § 1391(b)(2) because a substantial part of the events giving rise to the Aviator Parties' legal claims occurred in this District. Alternatively, if there were no district in which an action could otherwise be brought, venue would be proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because Spribe is subject to this Court's personal jurisdiction with respect to the current action.

18. Venue is also proper in this District pursuant to 28 U.S.C. § 1400, as the current action includes claims arising under the U.S. Copyright Act, and Spribe and/or its agent(s) reside or may be found in this District.

## FACTUAL ALLEGATIONS

### A. The Aviator Parties' Valuable Intellectual Property Rights in Worldwide "Aviator" Branding and Imagery

19. The Aviator Parties are gaming companies focused on delivering engaging and innovative gaming experiences to the casino and online gaming marketplace.

20. The Aviator Parties' games deliver thrilling experiences to players built on a foundation of fairness, security, and gameplay integrity. Their games provide unique multiplayer experiences, thrilling gameplay, and engaging visuals and sound that set them apart from offerings from other entities.

21. In the United States, the Aviator Parties offer an "Aviator"-branded online "crash" game, in the form of a free-to-play, "social casino" video game where bets are made, and prizes are awarded, in virtual currency that cannot be redeemed for real monetary value.

22. In other jurisdictions (and soon in the United States), the Aviator Parties and/or their affiliates offer a real-money version of their crash game, where players can place real-cash bets and win cash prizes (but that otherwise shares the same basic functionality as the social casino version of the game). All offerings from the Aviator Parties that permit players to place real-money bets and offer real-money prizes comply with all applicable laws and regulations.

23. In a crash game, each round starts with a bet multiplier of 1x, and the value of the multiplier continues to increase—with players able to place bets and/or cash out—until the game "crashes" and the multiplier reduces to zero (with players losing bets that are still active).

24. The social casino version of the Aviator Parties' crash game permits players to learn the mechanics of the game, develop personal strategies, and enjoy the competitive and social experience of watching a multiplier climb and deciding when to cash out, all without the requirement of risking any real-money stakes.

25. The Aviator Parties' "Aviator"-branded crash game is offered around the world, with the number of countries where the game is available increasing on a regular basis.

26. Central to the Aviator Parties' successful operations and market positioning is the distinctive and well-known "Aviator" brand, including both the "Aviator" name and logo, which have been associated with Aviator Studio and/or its affiliates for years.

27. The public-facing use of an "Aviator" brand for gaming began no later than 2018 in connection with a casino located in Tbilisi, Georgia, that was operated by a separate "Aviator LLC" entity (not party to this lawsuit) that was under common ownership with a company called City Loft LLC ("**City Loft**").

28. City Loft was also the sole shareholder of another company that ran "Adjarabet," a popular online gambling platform in the countries of Georgia and Armenia.

29. In or around December 2016, City Loft created a logo that included the name "Aviator" and an image of a vintage airplane with a single front propeller:




30. In or around April 2017, City Loft commissioned a new, updated version of the image, depicting the single front-propeller plane, in red and white, facing to the right and tilting

upwards, with the "Aviator" name in stylized font immediately below (hereinafter, the "**Aviator Logo**"):[2]

31. Beginning in 2018, the Aviator name and Aviator Logo were used as branding both for the physical casino in Georgia and on the Adjarabet online gambling platform.

32. City Loft secured copyright and trademark protections in the country of Georgia for the Aviator name and Aviator Logo, and consented to the casino and Adjarabet platform using the intellectual property at that time.

33. City Loft subsequently sold its online gambling business to a third party, but that sale did not include any of the intellectual property subsisting in the Aviator name and Aviator Logo, including any and all trademark and copyrights therein (hereinafter, the "**Aviator IP**"), which remained the property of City Loft.

34. In May 2022, City Loft assigned all of the Aviator IP (including all copyrights in the Aviator Logo and all trademark rights in the "Aviator" name and Aviator Logo) to Aviator Ltd., which continued to utilize "Aviator" branding in connection with its gaming operations.

35. Aviator Ltd. remains the owner of all copyrights in the Aviator Logo.

---

[2] In addition to using the Aviator Logo in connection with casino and online gaming products and services, the Aviator Parties sometimes also utilize a slightly modified version of that logo in connection with the same products and services that includes the word "Studio" immediately below the "Aviator" name.

**B. The Aviator Parties Leverage, and Secure Intellectual Property Rights in, the Aviator IP in the United States**

36. Aviator Studio—the Aviator Parties' U.S. gaming operating entity—has been assigned all trademark rights (including common-law rights) in the "Aviator" name and Aviator Logo in the United States, including in connection with casino and online gaming services.

37. Aviator Studio owns an incontestable federal trademark registration for the word mark, THE AVIATOR CASINO, in connection with casino services in International Class 41 (U.S. Reg. No. 3880685, the "**Registered Aviator Mark**").

38. On November 5, 2025, Aviator Studio was assigned that trademark registration and associated intellectual property—including "the goodwill of the business associated" with the intellectual property, "all common law and statutory right, title, and interest" in the intellectual property, and the associated domain name—by the former mark holder, ABA Properties LLC, which made first use in commerce of the mark in connection with casino services in July 2010.

39. The Registered Aviator Mark has had incontestable status since 2016.

40. Aviator Studio also owns a pending application for the word mark AVIATOR ARCADE, in connection with various goods and services pertaining to game software and programs (U.S. Serial No. 98160802). That application was originally filed on an intent-to-use basis, but received a Notice of Allowance from the U.S. Trademark Office on May 11, 2025, and a Statement of Use was filed on March 6, 2026. Accordingly, the AVIATOR ARCADE registration should soon be issued.

41. As per the Statement of Use for the AVIATOR ARCADE application, the mark has been used in commerce since December 8, 2023 in connection with, *inter alia*, "[d]ownloadable computer software platforms for hosting video games."

42. On March 13, 2026, the former owner of the AVIATOR ARCADE application, Aviator Technologies, LLC, assigned to Aviator Studio all right, title, and interest in the AVIATOR ARCADE mark, all goodwill associated with that mark, and all applications for protection of that mark including the U.S. application noted above.

43. Aviator Studio also owns a pending U.S. trademark application for the Aviator Logo (U.S. Serial No. 79409510) for goods and services including, *inter alia*, "[d]ownloadable and recorded computer programs for playing games and gambling;" "[c]asinos, namely, casino services;" "[o]nline gambling services;" and "providing online computer games." On May 26, 2026, this trademark application was approved by the USPTO for publication.

44. In addition, Aviator Ltd. has obtained a U.S. copyright registration for the Aviator Logo (U.S. Reg. No. VA 2-471-473).

45. Aviator Studio offers a free-to-play version of its Aviator crash game in the United States. That free-to-play version has been available on the company's U.S.-focused website, www.theaviatorcasino.com, for the past few months.

46. The Aviator crash game is also offered in the United States through an online platform for social casino gaming (*i.e.*, free-to-play with prizes awarded in virtual currency that cannot be redeemed for real monetary value) called Lucky North Casino. The Lucky North Casino platform can be accessed via a web browser, and is available to U.S. consumers as a free downloadable application via the U.S. Apple Store (for iOS devices) and U.S. Google Play Store (for Android devices).

47. Per its current U.S. Google Play store listing, the Lucky North Casino app has been downloaded over 500,000 times.

48. As seen in the screenshots below, the social casino version of the game appears on the launch page of Lucky North Casino's application under Aviator Studio's distinctive branding (including the "Aviator" name in Aviator Studio's distinctive stylized script, and the central features of the Aviator Logo including the airplane image) and is listed as a "featured" game on the game selection menu. When the Aviator game is selected from the menu, the gameplay interface displays these same Aviator branding elements.







49. In addition to offering its social casino game, Aviator Studio has petitioned to secure licensure of online casino gaming operations in multiple states, including New Jersey,

Michigan, Pennsylvania, Connecticut, and West Virginia. To date, Aviator Studio has secured that licensure in Connecticut and West Virginia, and intends to offer the real-money betting version of its crash game promptly in those states and any others in which it obtains the requisite licensure.

### C. Spribe Brazenly Infringes the Aviator IP Worldwide

50. Spribe is an Estonia-based iGaming and casino gaming products company that was founded in August 2018 and offers computer programming services to casino and gambling operators.

51. On the home page of its website (spribe.co/welcome), Spribe promotes that it offers "Innovative Casino Games," and "Something fresh for your casino," including "next generation, engaging games for [the] iGaming industry." Similarly, on the "About Us" page of Spribe's website (spribe.co/about), the company states that it is "focused on innovative iGaming products & Casino gambling," and that its management team has "experience in both iGaming Software Development & Casino Management."

52. In early 2018, Spribe developers, including its founder David Natroshvili,[3] began working with an affiliate of the Aviator Parties (a different entity named "Aviator LLC" with Georgian company number 405076304, referred to herein as "**Adjarabet Aviator**"), and near the end of that year entered into a software license and service agreement with Adjarabet Aviator to write software for new betting games that would be placed on the Georgian and Armenian online gambling platform, Adjarabet.

---

3 As a technical matter, Spribe was not incorporated as a formal entity until a few months later in 2018, after the collaboration had begun.

53. In accordance with that software license and service agreement, Spribe was provided with detailed instructions from Adjarabet Aviator regarding the vast majority of the details for a new "crash" game to be included on the Adjarabet platform, including the game's user interface, design (including use of an airplane graphic), and functionality.

54. Spribe also was provided with the Aviator Logo in connection with the crash game's development, including in a Skype message on or about August 10, 2018.

55. Adjarabet Aviator obtained consent from City Loft for the new resulting crash game to use "Aviator" in its name and to use the copyrighted Aviator Logo in connection with the game, which launched in January 2019.

56. Spribe, however, was never granted rights to leverage or in any manner utilize any Aviator IP outside of the Adjarabet platform or for any purpose in jurisdictions other than Georgia or Armenia; the consent from City Loft to Adjarabet Aviator was based on the understanding that the crash game would be exclusively available for online gambling in Georgia and Armenia. Nor were any other parties affiliated with Spribe granted rights to use the Aviator IP.

57. As noted *supra*, the Aviator IP was assigned to Aviator Ltd. in 2022 when City Loft sold its online gaming business (the Adjarabet platform) to a third party. At no point were those IP rights transferred to Spribe, which was permitted to use the IP solely for the limited purpose of developing software and implementing Adjarabet Aviator's instructions for the crash game to be offered through the Adjarabet platform.

58. Although Aviator Ltd. did not object to continued use of the Aviator IP for the game on the Georgian and Armenian Adjarabet platform—and nowhere else—for a limited period of time following City Loft's sale of the online gambling business, Spribe continued to

use the Aviator IP in connection with the Spribe crash game years later, despite having no authorization to do so.

59. Worse, Aviator Ltd. subsequently learned that, in or around June 2019, Spribe had slightly modified the Aviator Logo to create an unauthorized derivative work, and since at least December 2019 Spribe has been using that modified logo in connection with its unauthorized "Aviator"-branded game in multiple jurisdictions.

60. The modified, derivative logo was commissioned by Spribe from a Ukrainian company called Bambuk Studio, which had access to, and intentionally copied, the Aviator Logo at Spribe's direction.

61. The modified logo makes only minor non-material tweaks to the Aviator Logo, while maintaining the key elements including the single front-propeller plane, in red and white, facing to the right and tilting upwards, with the "Aviator" name in stylized font immediately below (hereinafter, the "**Infringing Logo**"):

62. The Infringing Logo is plainly derivative of, and substantially similar to, the Aviator Logo.

63. In fact, some earlier iterations of Spribe's copycat logo even included the circle around the image that is present in the Aviator Logo. For example, at one industry conference, Spribe's presentation included versions of the logo both with and without that circle:







64. Spribe has sought to leverage the Infringing Logo and the "Aviator" name in numerous jurisdictions around the world, seeking licensure of its "Aviator" game as well as applying for trademark registrations across numerous jurisdictions via international trademark applications pursuant to the Madrid Protocol.

65. For example, Spribe has sought registration of the Infringing Logo (both in color and in black-and-white, and both including the "Aviator" name and removing it) across dozens of jurisdictions—many of which are currently pending or already have been refused by various countries. (*See, e.g.*, World Intellectual Property Organization ("**WIPO**") Serial Nos. 1836135, 1836136, and 1759803.)

66. Spribe's advertising, promotion, and offering of its crash game leverages the "Aviator" brand name and Infringing Logo—for example, the "Games" page of the Spribe website displays "Aviator" as one of its games, alongside the Infringing Logo:




67. Similarly, Spribe's game interface itself features the Infringing Logo, as the airplane depicted in the virtual "crash" game:




**D. Georgian Courts Confirm the Validity and Ownership of the Aviator IP, and Find Spribe Liable for Infringement**

68. In 2024, as Spribe continued making unauthorized uses of Aviator IP—and once Aviator Ltd. had learned of the Infringing Logo being used abroad—Aviator Ltd. brought lawsuits against Spribe, Adjarabet Aviator, and against another Adjarabet-affiliated entity in Tbilisi City Court in Georgia. Those lawsuits were subsequently merged.

69. In the lawsuits, Aviator Ltd. sought, *inter alia*, judicial recognition of Aviator Ltd.'s exclusive rights in the Aviator IP, invalidation of Spribe's purported trademark registrations in the "Aviator" name and Infringing Logo, and injunctive and monetary relief.

70. Spribe filed counterclaims seeking invalidation and cancellation of the Aviator IP, including the Aviator Logo, raising various arguments including purported abandonment of the trademark, and lack of originality precluding copyrightability and ownership of the Aviator Logo.

71. On January 24, 2024, the Tbilisi City Court issued a preliminary injunction forbidding use of the Aviator Logo on Adjarabet.

72. After issuance of that injunction, the Aviator Logo on Adjarabet was immediately replaced with the Infringing Logo (which Spribe already was using without authorization in other countries). Aviator Ltd. thus sought, and quickly obtained in February 2024, another preliminary injunction prohibiting use of the Infringing Logo in Georgia.

73. On August 20, 2024, the Tbilisi City Court rejected Spribe's (and the Adjarabet entity's) arguments on the merits, denying all of the counterclaims and finding in favor of Aviator Ltd. on all counts, including finding that:

- The Aviator Logo is original and is entitled to copyright protection;
- Aviator Ltd. has valid ownership of the Aviator Logo and word marks, pursuant to a valid assignment from City Loft;
- Spribe had access to and was aware of the Aviator Logo when creating Spribe's logo;
- Spribe's logo was copied from the Aviator Logo; and
- Spribe's "Aviator" names and image were confusingly similar to (and thus infringed) the Aviator IP.

74. The Tbilisi City Court thus entered sweeping relief, including: (1) prohibiting use of "Aviator" word marks in connection with online casino services or gambling, or in any form on the internet; (2) prohibiting use of any form of the Aviator Logo, or any image that is substantially similar to that logo, for any purpose; (3) declaring Spribe's registered "Aviator" marks invalid; and (4) awarding Aviator Ltd. 896,000,000 Georgian Lari (GE) in damages—equivalent to approximately $330 million USD.

75. Following an appeal by Spribe, the Tbilisi City Court's judgment was affirmed by the Tbilisi Court of Appeals in a February 17, 2025 ruling.

76. The Supreme Court of Georgia upheld the lower courts' decisions via a summary decision issued on May 20, 2025, finding that the Tbilisi City Court ruling is final and not subject to appeal. In a judgment dated March 26, 2026, the Supreme Court of Georgia further elaborated on its May 20, 2025 summary decision, in which the court: (1) confirmed that Spribe's appeal was improper under the Georgian Civil Procedure Code and could not be considered; and (2) reasoned that, even if Spribe's appeal had been proper, it would have "no prospect of success."

77. In explaining that Spribe's appeal was meritless, the Supreme Court of Georgia expressed its agreement with the lower Georgian courts' rulings and concluded that: (1) Spribe was aware of the Aviator IP when it commissioned the creation of the Infringing Logo; (2) the Infringing Logo "did not constitute an independent work;" and (3) there is "significant outward similarity" between the Aviator Logo and Infringing Logo such that it is "impossible to distinguish the images."

### E. <u>Spribe Prepares to Extend Its Infringing Activities to the United States</u>

78. Undeterred by the findings and results in the Georgian courts, Spribe has sought to make infringing uses of the "Aviator" name and the Infringing Logo in the United States.

79. Although Spribe has not yet made any actual use in commerce of its purported "Aviator" marks in the United States to date, Spribe has taken steps to enable such use in commerce in the immediate future.

80. First, Spribe has taken steps to procure (fraudulent) U.S. intellectual property registrations in its claimed rights in the "Aviator" name and Infringing Logo.

81. For example, Spribe has designated the United States as a jurisdiction for at least three of its trademark applications pursuant to the Madrid Protocol for design marks that feature the Infringing Logo, the "Aviator" name, or similar imagery of a red single front-propeller airplane, in all instances purporting to encompass various goods and services across multiple international trademark classes (*e.g.*, 9, 28, 41, and 42)—for example, services such as casino gaming and online gambling, and related products (the "**Infringing Applications**"):

| **U.S. App. No.** | **Applied-For Mark** | **Examples of Covered Goods/Services (Non-Exhaustive)** |
|---|---|---|
| 79415790 | Aviator | • Downloadable software for video game programs, online gaming, digital gaming solutions, casino-style games, and card games;<br>• Gambling devices in the nature of video game programs, interactive online gaming, digital gaming solutions, casino-style games, and card games for gambling;<br>• Gambling services; Entertainment services, namely, casino gaming; Entertainment services, namely, providing as a website for on-line gambling; Online gaming services in the nature of casino gambling services.<br>• Creating and development of computer programs. |
| 79415789 | | • Downloadable computer software for video game programs, interactive online gaming, digital gaming solutions, casino-style games, and card games;<br>• Gambling devices in the nature of video game programs, interactive online gaming, digital gaming solutions, casino-style games, and card games for gambling;<br>• Gambling services; Entertainment services, namely, casino gaming; Entertainment services, namely, providing as a website for on-line gambling; Online gaming services in the nature of casino gambling services.<br>• Creating and development of computer programs. |
| 79423360 |  | • Machines for gambling; goods related to gambling;<br>• Gambling services; casino services; online gambling services; online casino services. |

82. None of the Infringing Applications lists a first use in commerce in the United States for the putative mark.

83. In February 2026, the U.S. Trademark Office approved for publication the mark depicting the red-and-black airplane without the word "AVIATOR" (Serial No. 79415789). This application was published for opposition on March 10, 2026, and purports to cover a number of international classes and wide variety of goods and services, including (*inter alia*) class 9 for "interactive online gaming" and "casino-style games," class 28 for "[g]ambling devices," class 41 for "casino gaming," and class 42 for "[d]evelopment of computer games." On April 8, 2026, Aviator Studio received an extension of time until July 8, 2026 to file an opposition to this application in the Trademark Trial and Appeal Board.

84. In early 2025, Spribe also secured a U.S. copyright registration for an "Aviator logo" design, claiming that Spribe was the owner of 2-D artwork first published in August 2019 in Curaçao and created as a work for hire by Bambuk Studio. (*See* U.S. Reg. No. VA 2-435-296, the "**Fraudulent Copyright Registration**").

85. Upon information and belief, the Fraudulent Copyright Registration consists of the Infringing Logo.

86. Spribe applied for the Fraudulent Copyright Registration with full knowledge that it has no rights in the Aviator Logo (or any derivative versions thereof, including the Infringing Logo) and that Aviator Ltd. owns valid copyrights in the same—including because the Georgian courts had already made these determinations. Indeed, Spribe appears to have applied for the Fraudulent Copyright Registration *on the exact same day* that the Tbilisi Court of Appeal issued its decision upholding the lower court's determinations (*i.e.*, February 17, 2025). Yet when applying for the Fraudulent Copyright Registration, Spribe did not inform the U.S. Copyright

Office that the Infringing Logo is derivative, and infringing, of Aviator Ltd.'s valid copyrights in the Aviator Logo.

87. Spribe also has taken concrete steps to become approved and/or licensed to offer its "Aviator" crash game in the United States, including by making filings with state government agencies.

88. For example, on or about August 8, 2025, Spribe, along with Meadowlands Racetrack, LLC, filed a "Joint Petition for Transactional Waiver" with the New Jersey Division of Gaming Enforcement, in order to offer online gaming and gambling activities within the state.

89. A transactional waiver provides temporary permission allowing an entity to conduct business with a casino or licensed gambling operator under New Jersey law, prior to securing full licensure.

90. Upon information and belief, Spribe received the waiver in or around May 2026 and plans to imminently offer casino and online gaming and gambling products or services to consumers in New Jersey under the infringing "Aviator" name and Infringing Logo.

91. Upon information and belief, Spribe has also taken steps to offer its "Aviator" game in other U.S. states, including by making filings with government agencies in those states.

92. Spribe also promotes its "Aviator" game on social media platforms and pages available to consumers in the United States, including its X and Instagram pages "@Aviator_SPRIBE" and "aviator.spribe," brazenly referring to itself as the "official Aviator account" and featuring the Infringing Logo.




93. Spribe has also entered into co-branding partnerships intended to promote its "Aviator" game to worldwide audiences. Specifically, in or around February 2025, Spribe entered into marketing sponsorship and partnerships with the mixed martial arts organization, UFC, and World Wrestling Entertainment ("WWE") that, per the press release posted on the UFC website, will "amplify the global reach of Aviator."[4]

94. Spribe's social media pages have described the partnership as "provid[ing] Aviator with an amazing opportunity to engage millions of new users worldwide" and described Spribe's game as the "official crash game of UFC."[5]

4 *See* https://www.ufc.com/news/spribe-inks-multiyear-partnership-deals-ufc-and-wwe-amplify-global-reach-aviator.

5 @Aviator_SPRIBE, *X* (Feb. 18, 2025), available at https://x.com/Aviator_SPRIBE/status/1891785940894380340.


Pinned
Aviator by SPRIBE
@Aviator_SPRIBE

We've secured multiyear sponsorship deals with the @ufc for the next three years. 🚀

These partnerships provide Aviator with an amazing opportunity to engage millions of new users worldwide.

Get ready to see Aviator at @ufc and @WWE events, along with a variety of exciting marketing campaigns.
Fly high with Aviator. 🔥

#UFC #SPRIBE #Aviator #AviatorGame #ufcpartnership



4:44 AM · Feb 18, 2025 · **51.1K** Views

95. Upon information and belief, the deals with both the UFC and WWE include "Aviator" logo placements, exclusive social media activations, hospitality access, and opportunities for future activations, cross-promotions, and content integrations, including in the United States (even though Spribe does not yet offer either a social casino or paid version of the actual game in this country).

96. The "Aviator" name and Infringing Logo have now been used as an image on the canvas in the ring at UFC events, as can be seen (circled for reference) in an excerpt from a post by Spribe's X/Twitter account below.[6]

---

[6] @Aviator_SPRIBE, *X* (Nov. 19, 2025), available at https://x.com/Aviator_SPRIBE/status/1991139682659271110.




97. Upon information and belief, the Spribe "Aviator" branding also has been and/or will be prominently featured at select high-profile WWE events, and social media activations associated therewith.

**F. Spribe's Unlawful and Willful Infringing Activities Have Harmed and Will Continue to Harm the Aviator Parties**

98. The Aviator Parties and Spribe are direct competitors in the online casino gaming industry in various jurisdictions around the world, and will be direct competitors in the United States market.

99. Spribe's conduct with respect to the "Aviator" brand name and the Infringing Logo is intended to harm, does harm, and will harm the Aviator Parties in multiple ways, including irreparably by creating a substantial risk of consumer confusion and diminishing the Aviator Parties' ability to control their reputation and consumer perception of their trustworthiness in the online gambling marketplace.

100. Spribe is fully aware that the Aviator Parties have exclusive rights to the Aviator IP in the U.S. (and various other jurisdictions), but nevertheless has moved forward in its efforts to fraudulently secure U.S. trademark and copyright registrations for that IP, misrepresenting that it has ownership of that intellectual property.

101. Despite not making any use in commerce to date, Spribe has been marketing and advertising in the United States using the "Aviator" name and Infringing Logo, intentionally creating consumer confusion about the source of its products and/or services.

102. Indeed, websites promoting or referring to Spribe's "Aviator" game for players outside the United States have utilized (incorrectly) the Aviator Parties' intellectual property, including the Aviator Logo, in connection with those promotions, fueling the Aviator Parties' concerns about likely confusion in the United States if Spribe is permitted to infringe the Aviator IP in this country.[7]

103. Potential association of the Aviator Parties with Spribe not only creates consumer confusion, but also is likely to unfairly impair and damage the Aviator Parties' goodwill and reputation to the extent they are associated in any manner with Spribe. For example, the Aviator Parties would be unfairly associated with Spribe's publicized history of noncompliance with gaming regulations, among other improprieties.

104. In that regard, on October 30, 2025, Spribe's operating license in the United Kingdom was temporarily suspended by the UK Gambling Commission "due to serious non-compliance with the hosting requirements of our licensing framework."[8] It was several months before Spribe's license was reinstated.

105. Similarly, on February 26, 2026, Spribe was issued a formal warning and assessed a fine by the Swedish gambling authority, Spelinspektionen, after the authority found that Spribe

---

[7] *See, e.g.*, https://aviator-now.com/en/strategies-en/; https://www.correctcasinos.com/casino-aviator-review/.

[8] https://www.gamblingcommission.gov.uk/news/article/suspension-of-licence-spribe-oue.

was providing its software to companies that operated unlicensed online gambling platforms in Sweden.[9]

106. Upon information and belief, Spribe's "Aviator"-branded and infringing crash game has been or is currently available on unlicensed (and illegal) offshore online gambling platforms, such as "Tucan Casino:"




9 "Spribe Fined $470 by Sweden's Gambling Authority for Operator Breach," *iGamingToday* (Mar. 4, 2026), https://www.igamingtoday.com/spribe-fined-470-by-swedens-gambling-authority-for-operator-breach/; *see also* https://www.spelinspektionen.se/globalassets/dokument/tillsynsbeslut/varning-anmarkning/spribe-ou---varning-och-sanktionsavgift-regelefterlevnad-2026-02-26.pdf.

107. If similar improprieties and compliance failures by Spribe take place in the United States under the "Aviator" name or the Infringing Logo, the taint and reputational damage likely will spread to the Aviator Parties despite their complete lack of involvement (and their substantial efforts to maintain compliance with all applicable gaming and gambling regulations).

108. Unless enjoined by the Court, the Aviator Parties will suffer irreparable harm due to Spribe's willfully infringing conduct.

**COUNT I**
**Copyright Infringement (17 U.S.C. § 501)**

109. The Aviator Parties repeat and reallege the allegations contained in the foregoing paragraphs as though fully set forth herein.

110. The Aviator Logo is copyrighted under Georgian law and, as held and confirmed by Georgian courts, is a valid and enforceable copyright owned by Aviator Ltd.

111. Aviator Ltd. owns all right, title, and interest in the copyrighted Aviator Logo in the United States (and elsewhere).

112. Pursuant to the Berne Convention for the Protection of Literary and Artistic Works (to which both the United States and Georgia are signatories), the Aviator Logo is entitled to copyright protection in the United States, and Aviator Ltd. is entitled to bring a copyright infringement lawsuit in the United States irrespective of whether it owns a U.S. copyright registration.

113. Aviator Ltd. also owns a U.S. copyright registration for the Aviator Logo (U.S. Reg. No. VA 2-471-473).

114. Spribe had access to the Aviator Logo prior to creating the Infringing Logo, including when Spribe was provided with the Aviator Logo by Adjarabet Aviator at the time that Spribe was developing its "crash" game for Adjarabet.

115. The unauthorized Infringing Logo is derivative of and substantially similar to, if not virtually identical to, the Aviator Logo.

116. Spribe has long been aware of the Aviator Logo and Aviator Ltd.'s ownership of the copyright therein, but nevertheless Spribe has copied the Aviator Logo and disseminated and publicly displayed the Infringing Logo, including in connection with marketing and promotion of Spribe's goods and services in the United States.

117. Spribe's infringement has been willful, and has caused and continues to threaten both monetary damage and irreparable harm to the Aviator Parties.

118. As a result of these actions, the Aviator Parties have suffered irreparable injury and, unless Spribe's infringement is enjoined by the Court, the Aviator Parties will continue to suffer irreparable harm.

## COUNT II
## Trademark Infringement (15 U.S.C. § 1114)

119. The Aviator Parties repeat and reallege the allegations contained in the foregoing paragraphs as though fully set forth herein.

120. Aviator Studio is the owner by assignment of the Registered Aviator Mark, U.S. Reg. No. 3880685, for THE AVIATOR CASINO, in connection with casino services.

121. The Registered Aviator Mark has been in use in commerce in connection with casino services since July 2010.

122. The Registered Aviator Mark is incontestable, valid, and enforceable against third parties, including Spribe.

123. Although Spribe has not yet made use of the "Aviator" name in a manner that constitutes use in commerce sufficient to give rise to trademark rights in the United States, Spribe has begun to promote this mark and plans to use this mark in interstate commerce, in

connection with the anticipated provision of casino and online gaming services and software that are similar to those offered by Aviator Studio (and the prior owner of the Registered Aviator Mark).

124. Spribe's actions are likely to cause, and will continue to cause, confusion, mistake, and deception in the minds of relevant consumers and/or customers as to the source or origin of Aviator Studio's and/or Spribe's services.

125. Spribe acts with full knowledge of Aviator Studio's rights and that its actions will cause confusion or mistake and deceive consumers and/or customers, which constitutes willful trademark infringement of the Registered Aviator Mark under the Lanham Act, and makes this an exceptional case.

126. As a result of these actions, Aviator Studio has suffered irreparable injury and, unless Spribe's infringement is enjoined by the Court, will continue to suffer irreparable harm.

## COUNT III
**False Designation of Origin & Unfair Competition (15 U.S.C. § 1125)**

127. The Aviator Parties repeat and reallege the allegations contained in the foregoing paragraphs as though fully set forth herein.

128. Aviator Studio is the owner and/or exclusive licensee of all common law and other trademark rights in the United States in connection with the "Aviator" name and Aviator Logo.

129. Aviator Studio has used and currently uses the "Aviator" name and Aviator Logo in commerce in the United States to identify itself, and in connection with its goods and services.

130. By virtue of such use in commerce, as well as acquiring certain rights such as the Registered Aviator Mark, Aviator Studio has priority in the United States over Spribe for

"Aviator" marks, including but not limited to the Aviator Logo, in connection with casino and/or online gaming services.

131. Aviator Studio has valid and enforceable trademark rights in the "Aviator" name and Aviator Logo against third parties, including Spribe.

132. Although Spribe has not yet made use of an "Aviator" name or the Infringing Logo in a manner that constitutes use in commerce sufficient to give rise to trademark rights in the United States, Spribe has begun to promote such marks and plans to use such marks in interstate commerce, in connection with the anticipated provision of casino and online gaming services and software that are similar to those offered by Aviator Studio under the Aviator IP.

133. Spribe's actions are likely to cause, and will continue to cause, confusion, mistake, and deception in the minds of relevant consumers and/or customers as to the source or origin of Aviator Studio's and/or Spribe's services.

134. Spribe acts with full knowledge of Aviator Studio's rights and that its actions will cause confusion or mistake and deceive consumers and/or customers, which constitutes willful trademark infringement under the Lanham Act, and makes this an exceptional case.

135. As a result of these actions, Aviator Studio has suffered irreparable injury and, unless Spribe's infringement is enjoined by the Court, Aviator Studio will continue to suffer irreparable harm.

## COUNT IV
**Unfair Competition (N.J.S.A. § 56:4–1)**

136. The Aviator Parties repeat and reallege the allegations contained in the foregoing paragraphs as though fully set forth herein.

137. Aviator Studio has used and currently uses the "Aviator" name and Aviator Logo in commerce in New Jersey to identify itself, and in connection with its games and/or services.

138. By virtue of such use in commerce, Aviator Studio has priority in New Jersey over Spribe for "Aviator" marks, including but not limited to the Aviator Logo, in connection with casino and/or online gaming services.

139. Aviator Studio has valid and enforceable trademark rights in the "Aviator" name and Aviator Logo against third parties, including Spribe.

140. Spribe has begun to promote its intent to utilize the name "Aviator" and the Infringing Logo and plans to use such marks in New Jersey, in connection with the provision of casino gaming services and online gaming services and software that are similar to those offered by Aviator Studio under the Aviator IP. Spribe's receipt of a Transactional Waiver from the New Jersey Division of Gaming Enforcement indicates that Spribe's offering of directly competing goods and services to New Jersey consumers under Spribe's infringing name and logo is imminent.

141. Spribe's actions are likely to cause, and will continue to cause, confusion, mistake, and deception in the minds of relevant consumers and/or customers as to the source or origin of Aviator Studio's and/or Spribe's services.

142. Spribe's actions constitute unfair competition under N.J.S.A. § 56:4–1, including because they misappropriate for Spribe's own use the Aviator IP and the reputation and goodwill of Aviator Studio.

143. As a result of these actions, Aviator Studio has suffered irreparable injury and, unless Spribe's infringement is enjoined by the Court, Aviator Studio will continue to suffer irreparable harm.

144. Pursuant to N.J.S.A. § 56:4–2, Spribe is liable for all damages directly or indirectly caused to Aviator Studio by way of Spribe's unfair competition, which amounts may be trebled in the discretion of the Court.

## PRAYER FOR RELIEF

WHEREFORE, the Aviator Parties respectfully request that the Court enter judgment in its favor:

a. Granting preliminary injunctive relief: (i) prohibiting Spribe from any and all use of any Aviator IP in the United States in connection with casino gaming, online gaming, or related services or products, including but not limited to the "Aviator" name and Aviator Logo, or any substantially or confusingly similar variation(s) thereof such as the Infringing Logo; (ii) to the extent Spribe is making any such use, requiring Spribe to discontinue any and all use of any Aviator IP or any substantially or confusingly similar names, images, or materials; and (iii) prohibiting Spribe from copying, displaying, distributing, publishing, creating derivative works from, or other uses of the Aviator Logo.

b. Granting permanent injunctive relief: (i) prohibiting Spribe from any and all use of any Aviator IP in the United States in connection with casino gaming, online gaming, or related services or products, including but not limited to the "Aviator" name and Aviator Logo, or any substantially or confusingly similar variation(s) thereof such as the Infringing Logo; (ii) to the extent Spribe is making any such use, requiring Spribe to permanently discontinue any and all use of any Aviator IP or any substantially or confusingly similar names, images, or materials; (iii) prohibiting Spribe from copying, displaying, distributing, publishing, creating derivative works from, or other uses of the Aviator Logo; and (iv) ordering Spribe to

promptly withdraw, expressly abandon, and/or take all appropriate steps to cancel the Infringing Applications and the Fraudulent Registration.

c. Declaring that Spribe possesses no valid U.S. trademark and/or copyright rights in any "Aviator" name, mark, or image, including the Aviator Logo and Infringing Logo;

d. Awarding actual, compensatory, and consequential damages suffered by the Aviator Parties as a result of Spribe's wrongful and willful conduct;

e. Awarding the Aviator Parties all revenues, profits, and/or unjust enrichment obtained by Spribe as a result of Spribe's wrongful and willful conduct;

f. Awarding the Aviator Parties statutory, treble, enhanced, and/or punitive damages, including without limitation pursuant to the U.S. Copyright Act and N.J.S.A. § 56:4–2;

g. Awarding the Aviator Parties their costs and expenses incurred in this action;

h. Awarding the Aviator Parties reasonable attorneys' fees and costs, including without limitation pursuant to the fee-shifting provisions of the Lanham Act and/or U.S. Copyright Act;

i. Awarding the Aviator Parties prejudgment and postjudgment interest; and

j. Granting such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

The Aviator Parties request a trial by jury on all triable issues in accordance with Federal Rule of Civil Procedure 38.

Dated: June 16, 2026

Respectfully submitted,

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
*Attorneys for Plaintiffs Aviator Ltd. and Aviator Studio USA LLC*

By: */s/ Anthony J. Dreyer*
Anthony J. Dreyer

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

Pursuant to Local Civil Rule 11.2, I certify that the matter in controversy in this action is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding, except that there are proceedings between certain of the parties to this matter pending in the courts of England and Wales involving certain intellectual property rights related to those in controversy herein. That matter is captioned Claim No. IL-2024-000151: *Aviator LLC, & Ors v. Spribe OÜ* in the High Court of Justice, Business and Property Courts of England and Wales, Intellectual Property List of the Chancery Division. For clarity, the pending English action does not in any manner concern U.S. trademark rights at issue in the current proceedings.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on June 16, 2026.

*/s/ Anthony J. Dreyer*
Anthony J. Dreyer